## Glover Estate

*Paul P. Wisler*, for appellant.

*Joseph H. Cochran*, for respondent.

HOLLAND, P. J., November 7, 1951.—This is an appeal by Bertha L. Boyle and Joshua Glover, the principal beneficiaries named in a paper writing alleged to be the last will and testament of decedent, a photo-

static copy of which is appended to the appeal, and which the register of wills refused to probate as not having been executed in the manner required by law.

The paper writing is signed by decedent, Fred Glover, in what purports to be an attestation clause on the left hand side of the second page of the paper writing, the entire instrument consisting of a printed form for use in the writing of a will and filled in by typewriting in the various blank spaces of the form. The question is as to whether the paper writing is executed in the manner required by the statute, and specifically whether it is signed at the end thereof as required by section 2 of the Wills Act of April 24, 1947, P. L. 89. The exceptions referred to in section 2 are not applicable to this case. The requirement in section 2 of the Wills Act of 1947, that wills be signed "at the end thereof" is a reënactment of section 2 of the Wills Act of June 7, 1917, P. L. 403, so that the cases cited in regard to the application of the latter section also apply to the above-named section of the Wills Act of 1947.

Appellant requests that a hearing be had to take testimony showing the circumstances under which this instrument was prepared and the writing by decedent of his name as it appears in the instrument. The question arises first as to whether the court is compelled to take testimony as requested by appellant.

There are some cases the treatment of which would indicate that testimony can be taken. In Donaldson's Estate, 16 D. & C. 353, Judge Sinkler took testimony in regard to the circumstances of the drafting and preparation of the will and of conversations between decedent and his wife, and some other testimony. It will be noted, however, that the hearing judge in this case decided the question as to whether the instrument was signed at the end thereof entirely from the intrinsic evidence derived from inspection of the instrument

itself. Similarly, in Churchill's Estate, 260 Pa. 94, the appellate court commented upon testimony which had been taken in the court below but decided the case exclusively from inspection of the instrument in question. Also it should be noted that in Churchill's Estate, supra, the testimony was not taken by the lower court in the nature of a hearing, but was contained, if it could be called testimony, in an agreed statement of facts amongst the contending parties. But, in Griffith Will, 358 Pa. 474, where one of the questions was as to whether a codicil was signed at the end thereof, the appellate court, in passing upon this question, flatly stated that the manner in which an instrument was executed as satisfying or not satisfying the provisions of the act is a matter of law and not a question of fact. The court proceeded to decide the question purely by inspection of the instrument and the condition thereof. I am of the opinion, therefore, that neither party can demand a hearing upon facts and circumstances surrounding the preparation of the instrument in question and the placing of the signature of decedent upon it in the manner in which it appears. Since it is a matter of law and not one of fact, and since even where testimony has been admitted in any case, the decision has ultimately been exclusively upon what the instrument discloses itself, I see no profit in taking testimony that cannot be considered and will not be decisive when the court comes to consider the case. This case, therefore, will be decided strictly upon what the instrument itself discloses.

The Churchill case, supra, is the leading authority on this subject, and I agree with the register of wills that it controls this case. Decedent signed the instrument in the attestation clause in the same relative position and place as in the Churchill case, and the only material distinction between the two is that in the Churchill case the obvious place where he should have

signed it with the word "Seal" at the end of the line is left blank, and in this case it has been signed at this place by some other person. In the Churchill case, the appellate court held that the will was not signed at the end thereof and, therefore, ineffective, and for the same reasons I hold that this will in question was not signed at the end thereof by decedent, Fred Glover, and, therefore, is ineffective.